Hillsborough, }
Jan. 4, 1921. }

### DANIEL E. .BARBER *v.* GEORGE R. JONES CO.

This is the same case reported in 79 N. H. 311. Trial by jury and verdict for the plaintiff. Transferred by *Kivel*, C. J., from the May term, 1920, of the superior court· on defendant's exception to the denial of its motions for a nonsuit and a directed verdict on the ground that the plaintiff was guilty of contributory negligence as a matter of law. The facts appear in the opinion.

*James E. Banigan* and *Samuel J. Dearborn* (by brief and orally), for the plaintiff.

*Taggart, Tuttle, Wyman & Starr* (*Mr. Wyman* orally), for the defendant.

WALKER, J. In addition to the facts reported in the former transfer of the case (79 N. H. 311) there was evidence that the plaintiff admitted he paid little attention to the operation of the machine when he approached it and while he stood at the end of it engaged in conversation with the workman who was using it; that he was then two or three inches from the machine; that he felt the wind caused by the blower blowing the sleeve of his jumper but did not know where it came from, or that it was liable to blow his sleeve into the machine and draw his arm onto the revolving

knives on that end of the machine, and that he had not previously been employed on such a machine and had little knowledge of its construction.

It seems to be a logical conclusion that if the plaintiff's sleeve had not been drawn into the machine he would have suffered no harm; that is, his close proximity to the machine or to the rapidly revolving knives would not have caused his injury if the blower had not drawn his sleeve into the machine. Simply standing near the east end of the machine was not a dangerous position to be in if he remained quiet. It cannot be said as a matter of law that he was guilty of contributory negligence resulting in his injury, because he was in that position, even if he paid little or no attention to the machine. The immediate cause of his arm coming in contact with the knives was the wind from the blower operating on his sleeve with such force as to draw his arm into the machine. This conclusion of fact was evidently the view the jury took of the case. The point of the defendant's contention is, therefore, that the negligence of the plaintiff consisted in his failure to examine the machine to see if there was a blower in operation on that side which might cause his arm to be drawn onto the knives. Although the plaintiff knew something about the operation of other machines somewhat similar to this one which had blowers on both sides, it does not necessarily follow that he was in fault for not discovering the blower on his side of the machine. It was located in the rear of the machine and was concealed from his view in the position he occupied. If he might have discovered it, it cannot be said that all reasonable men would find he was negligent in not doing so; nor could it be said that if he had discovered it, and had ascertained it was in operation, he would have appreciated the risk he incurred by standing near the machine. It does not conclusively appear that he was guilty of contributory negligence resulting in his injury.

*Exception overruled: judgment on the verdict.*

All concurred.